**In the Matter of a SUBPOENA, DATED OCTOBER 2, 1987 ISSUED TO: PAINEWEBBER INCORPORATED.**

**In the Matter of a SUBPOENA, DATED SEPTEMBER 22, 1987 ISSUED TO: PAINEWEBBER INCORPORATED.**

**No. M8–85.**

United States District Court, S.D. New York.

Oct. 14, 1987.

Shereff, Friedman, Hoffman & Goodman, New York City, for PaineWebber Inc. by Adam B. Rowland, Barry L. Katz.

Jones, Day, Reavis & Pogue, New York City, for Cleveland–Cliffs, Inc. by Frederick E. Sherman, Charles M. Carberry, Maynard F. Thomson.

MILTON POLLACK, Senior District Judge.

The motion for a protective order and the cross-motion for a continuance of the depo-

sition of the nonparty witness, PaineWebber Incorporated, are disposed of as follows:

The Court has examined the record of the deposition thus far taken, consisting of 186 pages of stenographic transcript said to have consumed approximately six hours of time and accompanied with some 1600 pages of documentary disclosure by the witness.

These discovery proceedings are being conducted in this District in connection with two litigations pending in Ohio. Action # 1 was commenced on September 16, 1987, and a retaliatory action, Action # 2, was commenced on September 25, 1987. Action # 1 is a suit by the so-called Bolger group of shareholders who sue Cleveland–Cliffs, Inc. ("Cliffs" hereafter), an Ohio corporation, contesting a public stock offering by Cliffs which the Bolger group believes was designed to dilute the equity of the shareholders. Commencing with April 1987, the Bolger group accumulated stock so they now hold a total of 1,062,622 shares of Cliffs. The Bolger group sought to enjoin the alleged dilution and the accompanying implementation of a shareholders' plan. In addition to the suit, the group has solicited proxies for a proposed special meeting of the shareholders of Cliffs.

Action # 2 by Cliffs and its President, in an amended complaint filed on October 3, 1987, seeks to declare that the Bolger group has violated federal and state law in soliciting proxies for the proposed shareholders' meeting by allegedly false and misleading statements made in the solicitation.

Cliffs issued a subpoena for documentary discovery and the deposition of PaineWebber in New York—as a nonparty witness—and conducted the deposition on October 1, 1987. PaineWebber was retained by the Bolger group during the first week of September 1987 to analyze and advise on matters pertaining to the affairs of Cliffs. A further virtually duplicate subpoena was issued on October 2, 1987, in Action # 2.

The deposition is replete with contentious, combative, discursive and offensive conduct. The transcript reveals a colossal amount of colloquy and argument, instead of questions to the witness by the attorney for Cliffs, which provoked counter-discussion and argument in respect of fair and tenable objections made to the scope of the examiner's inquiries.

It appeared early in the deposition that no tender offer had been made by the Bolger group, yet the examiner persisted in examining the bona fides of the Bolger group's non-existent tender offer and Bolger's intentions in that direction, possible future courses of action or arrangements, strategies of the shareholders' group being considered or recommended by the nonparty witness and the like, matters well outside of the reasonable and fair scope of the charges in the litigations involved.

The examiner refused to lay aside those wide-ranging inquiries and refused to defer until a ruling from the Court could be obtained on the objections thereto and persisted in the course outlined above. The deposition record plainly shows that the proceedings were unduly prolix, a method which appears to be popular in certain quarters, and which has been the bane of pretrial proceedings and casts the process into disrespect and contempt. Depositions are not the occasion for harassment, embarrassment, theoretical exercises or verbal combat, and certainly a nonparty witness should not be coerced and annoyed by being subjected to such proceedings; they not only consume unnecessary time but apparently are designed to make it unpalatable for outsiders to the litigation to associate therewith or with any party therein.

While the Court assesses gross fault in the conduct of the deposition, it is also evident that the provocation created thereby was retaliated to in kind.

Accordingly, to put an end to this unenviable situation, the Court will preside over and supervise the conduct of any further examination of this nonparty witness and counsel are directed to advise the Court of a date and time on which they agree when it will be convenient for all concerned to appear at the Courthouse in the Courtroom of this Court for the completion of the deposition of PaineWebber Incorporated.

Subject to its other engagements, the Court will endeavor to accommodate the date selected by the parties and the witness.

This seems to be the only way to put an end to excesses. A local lawyer admitted to this Bar should be in attendance for Cliffs.

Except as indicated herein, the cross-motion is denied. Rulings on the proper scope of the inquiries will be made as the deposition progresses.

So Ordered.