BNS INC., a Delaware
corporation, Plaintiff,

v.

KOPPERS COMPANY, INC., a Delaware corporation, Charles F. Barber, Evelyn Berezin, Anthony J.A. Bryan, Fletcher L. Byrom, Dr. Richard M. Cyert, Edward Domley, Daniel N. Galbreath, William H. Knoell, Andrew W. Mathieseon, Charles R. Pullin, Glen C. Tenley, Dr. Romesh Wadhawani, and Charles M. Oberly, III, Attorney General of the State of Delaware, and Michael E. Harkins, Secretary of State of the State of Delaware, Defendants.

Civ. A. No. 88–130 MMS.

United States District Court,
D. Delaware.

March 31, 1988.

A. Gilchrist Sparks, III of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for

defendants Charles M. Oberly, III and Michael E. Harkins.

Steven D. Goldberg of Theisen, Lank, Mulford and Goldberg, P.A., E. Norman Veasey, Charles F. Richards, Jr., Allen M. Terrell, Jr., Gregory P. Williams and Joseph J. Bodnar of Richards, Layton & Finger, Wilmington, Del. (Edwin Mishkin of Cleary, Gottlieb, Steen & Hamilton, New York City, of counsel), for plaintiff.

Charles S. Crompton, Jr., Peter M. Sieglaff and Gregory A. Inskip of Potter, Anderson & Corroon, Wilmington, Del., for defendants Koppers Co., Inc., Charles F. Barber, Evelyn Berezin, Anthony J.A. Bryan, Fletcher L. Byrom, Dr. Richard M. Cyert, Edward Domley, Daniel N. Galbreath, William H. Knoell, Andrew W. Mathieseon, Charles R. Pullin, Glen C. Tenley and Dr. Romesh Wadhawani.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

Plaintiff's March 28th motion to compel discovery requires the Court to delineate the scope of what has been loosely described as the "white knight" privilege in the context of ongoing hostile tender offer litigation.

Plaintiff, BNS, Inc. ("BNS"), seeks to acquire Koppers Company, Inc. ("Koppers") through an all cash hostile tender offer. The Koppers Board of Directors has formally rejected as inadequate BNS's initial offer of $45 per share and a subsequent offer of $56 per share. The Koppers board now is considering BNS's latest offer of $60 per share.

During the course of the tender offer, the Koppers board has announced that it is exploring alternatives to the tender offer which the board might adopt as a means of allegedly maximizing shareholder value.

Plaintiff seeks two categories of documents. It desires all documents relating to Koppers's ongoing analysis of the adequacy of the BNS $60 offer to which Kop-

pers has not yet formally responded.[1] In addition, BNS seeks production of all documents relating to alternative defensive measures which the Koppers board is considering.[2] BNS excludes from this latter request only "the identities of any third parties with which Koppers is currently negotiating the sale of its assets or any part thereof." Plaintiff concedes that the identities of third parties with whom Koppers is negotiating are protected by the white knight privilege.

The parties disagree over the scope of the white knight privilege. BNS argues that the privilege protects only the identity of third parties with whom Koppers might be negotiating and that it does not cloak documents being considered by Koppers with respect to ongoing evaluation of the $60 tender offer. Koppers argues that the privilege protects the content of documents relating to all alternative defensive measures being weighed by Koppers as well as documents utilized by Koppers in its ongoing consideration of the BNS $60 bid.

Prior to reaching the merits, it is necessary to address Koppers's contention that BNS is precluded from raising any question about the scope of the privilege because of an adverse ruling on the same discovery issue in the Western District of Pennsylvania. On March 28th, prior to the filing of an answer by BNS in the related Pennsylvania action, Chief Judge Cohill of that district held a hearing at which BNS urged production of "white knight" material. At that time, Chief Judge Cohill ruled that the sought material was not relevant to the complaint before him, which alleged only Williams Act violations.[3] Thereafter, BNS filed an answer urging as a counterclaim many of the transactions which are the focal point of the earlier-filed complaint in the Delaware District. At the same time, BNS apparently requested and received on March 28th another hearing on its discovery request, which Chief Judge Cohill had heard earlier in the day. Magistrate Lancaster conducted the second hearing, and ruled against BNS as to the same documents sought by BNS in its motion to compel filed in this Court on the same date.

Ordinarily, preclusive effect would be accorded Magistrate Lancaster's ruling. However, the present record is unclear as to whether Magistrate Lancaster's ruling applied to the Delaware action in light of Judge Cohill's contrary earlier ruling on the same date (albeit before BNS had filed its counterclaim). BNS will not be barred by operation of the preclusion doctrine.

Analysis begins with the basic query of whether a white knight privilege exists under Delaware law. If it does, Delaware state law will supply the rule of decision on whether the Koppers board is entitled to the protection of the business judgment rule in its conduct with respect to the BNS tender offer. Federal Rules of Evidence 501.[4] If the privilege does not exist, the issue of whether the documents should be produced is controlled by federal law.

1. Koppers has agreed to produce all documents relating to its rejection of the $45 and $56 offers as inadequate.

2. Plaintiff seeks production of all documents relating to a plan of recapitalization referred to in Koppers's Schedule 14D–9 and amendments thereto, including documents relating to:
   (a) Any distribution or dividend to holders of common stock;
   (b) The sale of common stock to an employee stock ownership plan;
   (c) The establishment of an employee stock ownership plan;
   (d) The sale of an interest in all or a portion of Koppers' construction materials and services business or a percentage or certain portions of that business; and
   (e) A $1.125 million credit facility which two major banks have offered to arrange.

3. Pages 19 and 22 of March 28, 1988 Western District of Pennsylvania Transcript attached as an Exhibit to March 28, 1988 letter of Charles S. Crompton, Jr., Esq.

4. Federal Rule of Evidence 501 provides in pertinent part:
   ... in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

There is no Delaware case which protects "white knight" documents through a "white knight" privilege. In *Computervision Corp. v. Prime Computer, Inc.*, No. 9513, slip op. at 2 (Del.Ch. Jan. 26, 1988), Chancellor Allen described emerging case law as "this evolving immunity to discovery" and analogized the immunity to attorney work product rather than a "true privilege." Delaware cases referring to white knight documents have never spoken of a white knight privilege. *See, e.g., Gioia v. Texaco Air Corp.*, No. 9500, slip op. (Del.Ch. Mar. 3, 1988) [Available on WEST-LAW, 1988 WL 18224]; *Computervision Corp. v. Prime Computer, Inc., supra; In the Matter of Heizer Corp.*, No. ——, slip op. (Del.Ch. Nov. 9, 1987) [available on WESTLAW, 1987 WL 19560]. I conclude Delaware has no white knight privilege within its body of jurisprudence.

■ The scope of the protection to be afforded white knight documents is determined by Rule 26 of the Federal Rules of Civil Procedure. The documents sought are discoverable under Rule 26(b). While not framed as such by the pleadings, the Koppers position is one seeking a protective order under Rule 26(c) which "justice requires to protect a party." [5]

Rule 26(c) requires striking a balance between the countervailing legitimate interests and accommodating the needs of both parties. As such the inquiry is fact specific.

If the BNS $60 offer were accepted, BNS would have no need of the documents relied upon by the Koppers board in reaching its decision. Conversely, should the offer be rejected, BNS has a pressing need for the alleged supporting documentation in order to attempt to establish the Koppers board's conduct was such that it would be deprived of the benefit of the presumption of the business judgment rule. On the other hand, Koppers has an even more pressing reason not to reveal the information at this time. If Koppers were to be compelled to produce documents about what its position should be on the $60 offer, it could destroy its ability to act in the best interest of its shareholders. For example, providing the documents to BNS would seriously impair, if not destroy, the Koppers board's ability to negotiate a higher offer for its shareholders. On balance, the equities favor not producing documents available to the board during its ongoing consideration of the BNS $60 offer.[6]

■ The burden will be upon BNS to counter a showing by the Koppers board that its response was reasonable in relation to the perceived threat posed by the tender offer of BNS. It follows BNS will have a critical need for documents which contain information relative to all defensive alternatives being pursued by the Koppers board. Weighed against this need is the possible detriment to Koppers shareholders. If BNS were privy to advance disclosure of Koppers strategy in its formative stages, it conceivably could take preemptive measures to prevent Koppers from mounting a counter offensive. *Cf. Brown–Forman Distillers Corp. v. Lenox Inc.*, Civ. No. 83–2116, Reporters Transcript at 8, Dkt. 46, Exh. C at p. 8 (D.N.J. June 20,

---

5. Rule 26(c) provides in pertinent part:
  (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person....

6. In arriving at the above holding, the Court is aware it possibly is at a variance with Magistrate Lancaster's order reportedly ordering Koppers to produce any documents relating to the adequacy of the $60 offer. Dkt. 48, p. 4. Assuming such documentation was produced pursuant to the Magistrate's order, I am at a loss to understand why Koppers contested the same in its March 29 submission and BNS continued to urge its production in a March 30 submission. Counsel who are making valiant efforts to respond to short-term deadlines in the heat of rapidly changing events, understandably failed to supply of record this portion of the Magistrate's order. Given the understandable confusion, the more prudent approach is to decide the issue even though it may be moot by reason of production of the documents. Needless to say, if the documents were produced, they may be used in this action.

**458**

1983). A preemptive strike of this magnitude, while beneficial to BNS, could prove detrimental to the Koppers shareholders. Weighing the need of BNS against the risk to the Koppers board and its shareholders, I conclude the balance of equities favors Koppers at this time. The BNS motion to compel documents relating to prospective defensive strategies will be denied.

BNS will not be denied the documents forever. This fact has been a significant factor in the Court's efforts to accommodate the needs of the parties. As discussed above, BNS has a genuine need for the documents it seeks. It is equally clear at some future point BNS may be immediately entitled to that which has been refused it today. That point will be reached with respect to the $60 offer if, and when, the Koppers board formally rejects it. Similarly, if the Koppers board should formally announce its intent to adopt any one or a combination of defenses, BNS will become immediately entitled to all documents relating to all defensive strategies it had considered.

Koppers will be ordered to produce all documentation to BNS within two hours of the occurrence of the triggering event(s) set forth above. While BNS is not receiving the documentation as fast as it would prefer, it is in the unique position of being able to use it to its full advantage for it controls the takedown date for the Koppers stock.

An order will be entered in accordance with this opinion.