The COASTAL CORPORATION and
Colorado Interstate Corp.,
Plaintiffs,

v.

TEXAS EASTERN CORPORATION, et
al., Defendants.

Civ. A. No. H–89–147.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 20, 1989.

G. Irvin Terrell, Baker & Botts, Houston, Tex., for plaintiffs.

Ewing Werlein, Jr., Vinson & Elkins, Houston, Tex., for defendants.

## OPINION ON DISCOVERY

HUGHES, District Judge.

On January 20, 1989, Coastal requested broad discovery from Texas Eastern about the tender offer. Texas Eastern has objected generally to production of documents. Rulings were made at several discovery conferences, but it is appropriate to supply an opinion as guidance.

■ A. *Internal Evaluation Material.* Until Texas Eastern has responded under the Williams Act to Coastal's tender offer, the financial and managerial documents the board is using to make a decision will be protected from discovery. Until the board has made a recommendation to its owners on Coastal's bid to buy Texas Eastern shares, there is nothing for Coastal to discover about a board decision. The role of the court in this process is to review the basis of a decision, taking care not to intrude into the process of arriving at one.

■ After the board decides to recommend acceptance or rejection of Coastal's offer, the information that went into that decision will be discoverable since it is relevant in deciding whether Texas Eastern's directors made an informed decision and acted in the best interest of the shareholders. There is a point when not deciding becomes a decision and discoverable.

■ B. *Texas Eastern's Preliminary Strategies.* Texas Eastern wants to prohibit Coastal's review of Texas Eastern's strategies, including potential deals with third parties, and it has sought to invoke a white knight privilege. No such privilege exists. Even the principal case Texas Eastern cites expressly states: "Delaware has no white knight privilege within its body of jurisprudence." *BNS, Inc. v. Koppers Co., Inc.,* 683 F.Supp. 454, 457 (D.Del.1988).

What will protect Texas Eastern from producing some strategic documents is Rule 26, which protects information "[u]pon motion by a party ... for good cause shown." Texas Eastern cannot assert a blanket protection. It will have to show a specific articulable reason, in fact, not in theory, for each category of information it wishes to withhold.

■ Texas Eastern has confused two types of information in seeking protection. First and easiest, information about actual business operations that publicity could rob of some of its value; an example would be if Texas Eastern has a gas discovery in a region where it needs to lease additional acreage near the drill site. That kind of operating business information will be protected. Second, information about proposals to modify Texas Eastern in a reaction to or in opposition to Coastal's offer is sensitive only in its relation to the secondary market for shares of Texas Eastern. That kind of information is discoverable, unless a proffered specific reason should justify withholding it temporarily.

■ Strategies and plans will be treated in a similar nature to valuation materials. Under the Williams Act, Coastal is entitled to know that an internal or external offer for a principal capital transaction has been made; it cannot have the specifics of the offer or the evaluation until the board has had an opportunity to respond. Once again, a stall is a decision.

■ C. *Information Disclosed to Potential Bidders.* As a condition of allowing Coastal to see the information that Texas Eastern is showing potential bidders, Texas Eastern has attempted to require Coastal to submit to a standstill and confidentiality agreement. Coastal may have access to the information provided to other interested parties under only the confidentiality order in this case. The agreement proposed by Texas Eastern is oppressive; it would require Coastal to wait 90 days to act in the market or otherwise do things it is entitled to do. Texas Eastern has repre-

sented to the court that it is inviting bids so that the shareholders will have the benefit of an open auction for Texas Eastern shares. An open auction does not require submission to New York law and courts or 90 days of no action, which are terms of Texas Eastern's confidentiality agreement.