**TEMPLE HOLDINGS LTD., Plaintiff,**

v.

**SEA CONTAINERS LTD. and James Sherwood, Defendants.**

Civ. A. No. 89–1864.

United States District Court, District of Columbia.

Oct. 4, 1989.

See also 131 F.R.D. 361.

John Nannes, Washington, D.C., for plaintiff.

Paul Friedman, Washington, D.C., for defendants.

---

**MEMORANDUM ORDER**

JOHN GARRETT PENN, District Judge.

This matter is before the Court on defendants' Motion for A Protective Order. Defendants seek an order barring discovery of non-parties Lazard Freres & Co. and Goldman, Sachs & Co., both of which are Sea Containers' investment advisors. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court may grant a protective order staying or limiting discovery upon good cause by shown by the moving party. Upon review of the motion, the opposition thereto, and the entire record, the Court concludes that the motion should be granted in part and denied in part.

In a proposed supplemental and amended complaint, Temple alleges that Sea Containers and its President, James Sherwood, have sought to persuade shareholders to reject Temple's all cash, all shares tender offer by promising a $70–100 per share recapitalization. Plaintiff's Memorandum In Support of Its Opposition to Defendant's Motion for a Protective Order at 1 ("Plaintiff's Opposition Memorandum"). Temple contends that the promises are "untrue and that Sherwood and his colleagues have made them in a deliberate effort to mislead shareholders and thus defeat Temple's tender offer." *Id.* Temple seeks discovery from Sea Containers, its directors and its investment advisors regarding the possible recapitalization.

█ Defendants argue that a protective order should be entered because the discovery sought is of nondiscoverable information subject to the protection of the business strategy doctrine. Defendants' Memorandum In Support of Its Motion for a Protective Order at 9 ("Defendants' Memorandum"). Defendants rely on *BNS Inc. v. Koppers Co.*, 683 F.Supp. 454 (D.Del.1988) ("*BNS Inc.*") and *Grand Metropolitan PLC v. Pillsbury Company*, [1988–89] Fed.Sec.L.Rep. (CCH) par. 94,-096, 1988 WL 130637 (Del. Ch. Nov. 21, 1988) ("*Grand Metropolitan PLC*"). The defendants notes that "[u]nder the 'business strategy' doctrine, discovery relating

to a target company's strategies, alternatives, or proposals under consideration is protected from disclosure in litigation of this sort." Defendants' Memorandum at 9, (citing *BNS Inc.* and *Grand Metropolitan PLC*).

In *Grand Metropolitan PLC*, the court noted:

> ... that in a contest for corporate control, the board of directors of a target company continues to have an ongoing responsibility to manage the corporation and, in the face of such a contest, that responsibility may entail the exploration of alternative transactions that would better promote corporate and shareholder welfare. The discovery process may legitimately give some consideration to such efforts. We have repeatedly recognized that disclosure of · such efforts, while they are ongoing, may be detrimental to shareholder interests.

[1988–89 Transfer Binder] Fed.Sec.L.Rep. (CCH) par. 94,096 at 91,160 (Del. Ch. Nov. 21, 1988) (citations and footnote omitted). This Court agrees with the rationale in *Grand Metropolitan PLC*. · The Court must balance the interest of liberal discovery with the "injury that might occur to the target company if discovery is permitted." *Id.* at 91,161.

Temple suggest that the plaintiffs's delay in implementing any possible recapitalization "should not absolve it from its discovery obligations." Plaintiff's Opposition Memorandum at 16.[1] The Court notes that the corporate contest is in a unique posture due to pending litigation in Bermuda; therefore, any delay is not unreasonable. The Court finds that the interest of the shareholders would be impaired if discovery is permitted *at this time* with respect to alternatives being considered by the defendants. Accordingly, any questions regarding the possible recapitalization is subject to the "business strategy doctrine." However, the Court does not believe that a "blanket protective order" is appropriate; thus, the plaintiff is free to pursue any questions that do not go to the possible recapitalization during the deposition.

In view of the above, it is hereby

ORDERED that defendants' motion for a protective order is granted in part and denied in part, it is further

ORDERED that questions regarding the possible recapitalization is subject to the "business strategy doctrine," it is further

ORDERED that discovery of Lazard Freres & Co. or Goldman, Sachs & Co. shall be had pursuant to the subpoenas issued September 15, 1989.

---

1. In *BNS Inc.* and *Grand Metropolitan PlC,* the courts were concerned with requiring discovery while the target companies were still in the stage of reviewing alternatives.