**STENA FINANCE B.V. and Temple Holdings Ltd., Plaintiffs,**

v.

**SEA CONTAINERS LTD. and James Sherwood, et al., Defendants.**

No. 89–1864.

United States District Court, District of Columbia.

Nov. 16, 1989.

---

See also 131 F.R.D. 361.

Skadden, Arps, Slate, Meagher, & Flom, Washington D.C., for Stena Finance.

Paul Friedman, Washington D.C., for Sea Containers.

JOHN GARRETT PENN, District Judge.

## MEMORANDUM ORDER

This matter is before the Court on plaintiffs' Motion For An Order Compelling Production Of Documents and Responses To Deposition Questions. The issues presented in the motion require the Court to revisit the application of the "business strategy doctrine." In a Memorandum Order filed October 4, 1989, the Court granted in part and denied in part the defendants' motion for a protective order. The Court held that "questions regarding the possible recapitalization is subject to the 'business strategy doctrine'." On October 31, 1989, Sea Containers Ltd. announced its recapitalization plan. *See* McAvoy Declaration, Exhibit 4.[1] In view of Sea Containers Ltd.'s announcement, the Court must again review the discoverability of certain information.

In the October 4, 1989 Memorandum Order, the Court followed the rationale set forth in *BNS Inc. v. Koppers Co.*, 683 F.Supp. 454 (D.Del.1988) (*"BNS Inc."*) and *Grand Metropolitan PLC v. Pillsbury Company*, [1988–89] Fed.Sec.L.Rep. (CCH) par. 94,096, 1988 WL 130637 (Del. Ch. Nov. 21, 1988) (*"Grand Metropolitan PLC"*). This Court agreed with the courts in *BNS Inc.* and *Grand Metropolitan PLC* that a target company's strategies, alternatives, or proposals, while under consideration are protected from disclosure. The Court also agrees that the protection from disclosure is for a limited time. In *Grand Metropolitan PLC*, the court noted "once a decision has been made [by the target company], the shareholders 'are entitled to test the validity of that decision and, for that purpose, to inquire into its underlying basis'." [1988–89 Transfer Binder] Fed.Sec.L.Rep. (CCH) par. 94,096 at 91,161 (Del. Ch. Nov. 21, 1988) (citations omitted).

■ Although Sea Containers has announced a recapitalization plan, the Court agrees with the defendants that the recapitalization plan is not yet a "done deal". Sea Containers recapitalization plan approves the disposal of assets; which allows Sea Containers to enter contracts with third parties for the best price possible for the assets. An order compelling the disclosure with respect to talks with third parties would hamper negotiations between Sea Containers and other parties. The Court is convinced that the shareholders' rights are being adequately protected. When an agreement between Sea Containers and a third party is consummated, the shareholders will have an opportunity to "test the validity of that decision."

■ Further, the Court concludes that questions regarding the financial advisors' bases to determine the value of shares between $70 to $100 per share are intricately related to the recapitalization plan.[2] Al-

---

1. The Declaration of John McAvoy was submitted in support of defendants' opposition to plaintiffs' motion for an order compelling production of documents and responses to deposition questions.

2. The Court notes that Sea Containers' counsel conceded that information regarding the valuation is discoverable. Further, the Court has concluded that a "blanket protective order" is not appropriate. However, the Court cannot

though the Court believes that once a board determines that a tender offer should be rejected, the bases of that determination is ordinarily discoverable; however, this case presents an unique situation. Sea Containers submits to its shareholders that the tender offer by Temple is inadequate; it further submits that its proposed self tender is a better deal. Sea Containers' ability to make its self tender offer is contingent upon effectuating its recapitalization plan. As the Court noted in the October 4, Memorandum Order, the documents relating to the valuation and the recapitalization can not be protected forever.[3] The Court concludes that an order to compel responses to questions or to produce documents regarding the financial advisors' opinion will hamper Sea Containers' ability to negotiate contracts with third parties regarding the sale of its assets.

In view of the above, it is hereby

ORDERED that plaintiffs' motion for an order compelling production of documents and responses to deposition question should be denied.

anticipate every question that the parties may pursue, counsel are free to raise any good faith objection in response to questions. With respect to questions regarding the valuation of the shares, the Court is cognizant that questions can be so specific as to delve into a privileged area. Upon review of the depositions and objections to document request, the Court does not believe that the objections based on the "business strategy doctrine" was abused.

3. The ruling by the Bermuda Supreme Court on November 27, 1989, should resolve many issues that effect this case.