IPALCO ENTERPRISES, INC., Plaintiff,

v.

PSI RESOURCES, INC., PSI Energy, Inc., CINergy Corp., James E. Rogers and The Cincinnati Gas & Electric Company, Defendants.

No. IP 93–325–C.

United States District Court, S.D. Indiana, Indianapolis Division.

April 27, 1993.

---

Lee B. McTurnan, McTurnan & Turner, Indianapolis, IN, for plaintiff.

James H. Ham, III, Indianapolis, IN, for PSI Resources, Inc.

William C. Barnard, Sommer & Barnard, Indianapolis, IN, for CINergy Corp.

### *ENTRY ON MOTION TO COMPEL*

ENDSLEY, United States Magistrate Judge.

This discovery matter is before the Court on the motion [1] of plaintiff (hereinafter "IP-

ALCO") to compel defendants to produce all documents defendants are withholding under the label "strategic privilege." [2]  During the fast-paced litigation of this case, thousands of documents have been requested and produced.  Defendants PSI Resources, Inc., PSI Energy, Inc., and James E. Rogers, Jr. (hereinafter collectively referred to as "PSI") object to production of eight hundred eighty-four (884) documents on the grounds of attorney-client privilege, work product "privilege", and "strategic privilege" as is PSI's right under Rule 34 of the Federal Rules of Civil Procedure (hereinafter "Rule").  Defendants Cincinnati Gas & Electric Company and CINergy Corp. (hereinafter collectively referred to as "CG & E") object to producing nearly three hundred (300) documents on the grounds of relevance, attorney-client privilege, work product doctrine and "business strategy privilege."  IPALCO has presently moved for production pursuant to Rule 37(a) only with respect to PSI's "strategic privilege" objection to seventy-seven (77) documents and CG & E's "business strategy privilege" objection to two (2) documents.

For PSI and CG & E to prevent disclosure of the documents on the basis of these "privilege" claims, they must establish the "privilege" exists under federal law and, if so, that the privilege applies in this case.  Neither PSI nor CG & E specify the exact basis in the Federal Rules of Civil Procedure for their "privilege" objection.  The fact PSI and CG & E repeatedly refer to the objection as a "privilege" and put it forth in a "privilege log", combined with the facts that PSI and CG & E have not attempted to show "good cause" under Rule 26(c), have argued to this Court that an order protecting confidentiality is not desired, and have opposed such motions in the past; all lead the Court to construe PSI and CG & E's claims of "privilege"

---

1.  IPALCO previously motioned the Court to compel production of documents and commence deposition discovery on April 15, 1993.  However, the Court found this motion to be premature as the discovery deadline was extended to April 21, 1993.  IPALCO renewed its motion to compel on April 22, 1993.

2.  The exact name of the proposed privilege has yet to be pinned down.  In counsels' briefs alone, it has been referred to as the "strategic privilege", "white knight privilege", "business strategy privilege", "immunity from discovery", "strategic protection", "business strategy doctrine", and "qualified immunity doctrine for strategic business documents."

under Rule 26(b)(1) which places "privileged" matters outside the scope of discovery.[3]

Reference in the discovery rules to "privilege" is to evidentiary privileges. *United States v. Reynolds,* 345 U.S. 1, 6, 73 S.Ct. 528, 531, 97 L.Ed. 727 (1953). Federal evidentiary privileges are covered in Rule 501 of the Federal Rules of Evidence. In civil federal question actions, privileges "shall be governed by the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed.R.Evid. 501. The purpose of Rule 501 is to permit "flexibility to develop rules of privilege on a case-by-case basis ... and leave the door open to change." *Trammel v. United States,* 445 U.S. 40, 47, 100 S.Ct. 906, 911, 63 L.Ed.2d 186 (1980). However, the Supreme Court has recently indicated it is "disinclined" to exercise the authority granted by Rule 501 "expansively," and "any such privilege must be strictly construed." *University of Pennsylvania v. E.E.O.C.,* 493 U.S. 182, 189, 110 S.Ct. 577, 582, 107 L.Ed.2d 571 (1990). New federal privileges "are not lightly created." *United States v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). The party objecting to discovery has the burden of establishing the existence of the privilege. *Heathman v. United States District Court,* 503 F.2d 1032, 1033 (9th Cir.1974).

■ Neither federal common law nor federal case law establishes an evidentiary privilege for business strategies. The topic of protecting business strategies has only arisen since the 1980's in the wake of merger and acquisition activity. Melissa J. Rhodes, *The White Knight Privilege in Litigated Takeovers: Leveling the Playing Field in Discovery,* 43 STAN.L.REV. 445 (1991). Defendants provide no historical support for the existence of a business strategy or similar evidentiary privilege in the federal common law. The federal case law provided fails to support the establishment of a new evidentiary privilege. Defendants have cited no published federal cases, and the Court finds none, which protect business strategies as a federal evidentiary privilege. Every published federal case dealing with the topic finds protection, if needed, provided under Rule 26(c). *Coastal Corp. v. Texas Eastern Corp.,* 707 F.Supp. 280, 281 (S.D.Tex.1989); *BNS Inc. v. Koppers Co. Inc.,* 683 F.Supp. 454, 457 (D.Del.1988); *Parsons v. Jefferson–Pilot Corp.,* 141 F.R.D. 408, 419 (M.D.N.Car.1992); *Temple Holdings Ltd. v. Sea Containers Ltd.,* 131 F.R.D. 360 (D.D.C.1989); *Stena Finance B.V. v. Sea Containers Ltd.,* 131 F.R.D. 361, 362 (D.D.C.1989); *Piven v. Sea Containers,* Fed.Sec.L.Rep. ¶ 94,828, 1989 WL 168018 (D.D.C.1989); *In the Matter of a Subpoena, Dated October 2, 1987 Issued to: Paine Webber Inc.,* 117 F.R.D. 352 (S.D.N.Y. 1987); *Empire of Carolina, Inc. v. Mackle,* 108 F.R.D. 323, 326 (S.D.Fla.1985).[4] Like-

---

**3.** The Court agrees with defendants that they are not required to move for a protective order under Rule 26(c) every time they object to discovery based on Rule 26(c) grounds. Rule 34 objections may also be made on "any ground that would support an application for a protective order under Rule 26(c)." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 2213, p. 641 (1970). The Court merely finds PSI and CG & E's objections to be based on a Rule 26(b)(1) claim of privilege and not Rule 26(c) grounds. Objections based on Rule 26(c) grounds would require a showing of "good cause" the same as if a motion for a protective order had been made. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 2214, p. 644 (1970) (Under Rule 34 "the standard is the same as if the objecting party had moved for a protective order under Rule 26(c) and the burden is on the objector to satisfy the court that discovery should not be had.")

**4.** Every unpublished federal opinion and every state court opinion dealing with protection of business strategies brought to this Court's attention either handles the issue through a protective order or does not state the procedural authority for preventing discovery. *See, e.g., Kollmorgen Corp. v. Vernitron Acquisition Corp.,* No. 89 Civ. 406 (JES), slip op. at 8 (S.D.N.Y. Apr. 6, 1989); *Mesa Partners v. Phillips Petroleum Co.,* 488 A.2d 107 (D.Del.1984); *Vitro v. Anchor Glass Container Corp.,* 1989 WL 108406 (Del.Ch. Sept. 20, 1989); *Grand Metropolitan PLC v. Pillsbury Co.,* Fed.Sec.L.Rpt. (CCH) ¶ 94,096, 1988 WL 130637 (Del.Ch. Nov. 21, 1988); *Gioia v. Texas Air Corp.,* 109 Lab.Cas. ¶ 55,891, 1988 WL 18224 *3–4 (Del.Ch. March 3, 1988); *In the Matter of Heizer Corp.,* 1987 WL 19560 (Del.Ch. Nov. 9, 1987); *Plaza Securities Co. v. Office,* 1986 WL 14417 *3 (Del.Ch. Dec. 15, 1986); *Dedde v. Orrox,* 1981 WL 15121 (Del.Ch. April 8, 1981); *Hillhaven Corp. v. Manor Care, Inc.,* No. C78–89T (W.D.Wash. Apr. 19, 1978). For a more extensive list of unpublished cases on the subject, *see* Rhodes, 43 STAN.L.REV. at notes 17–20.

wise, the unpublished opinion from Magistrate Judge Foster of this Court also was in the context of a previous protective order and Rule 26(c) protection as it did not prohibit discovery of the documents forever;[5] and the case did not establish a new evidentiary privilege. *LFC No. 31 Corp. v. Ransburg Corp.*, No. IP·88–1277–C slip op. at 2–3 (S.D.Ind. Nov. 22, 1988); *See also LFC No. 31 Corp. v. Ransburg Corp.*, No. IP 88–1277–C slip op. at 2 (S.D.Ind. Nov. 8, 1988). In the context of Delaware law, at least two courts have found there to be no "white knight privilege." *Coastal Corp.*, 707 F.Supp. at 281 ("No such privilege exists."); *BNS, Inc.*, 683 F.Supp. at 457 ("Delaware has no white knight privilege within its body of jurisprudence."). A Delaware court explained: "the 'business strategy privilege' or 'white knight privilege' is not technically a privilege in the sense that proof of certain elements creates something akin to an entitlement, but is in the nature of a qualified immunity to discovery similar to the attorney's work product doctrine...." *Grand Metropolitan*, 1988 WL 130637 at *1. Protection of business strategies from discovery, if it is to exist at all, must come under the provisions of Rule 26(c).

■ If defendants are to claim the Court is beating on a strawman in that defendants intended all along to assert a protection based on Rule 26(c), and not a "privilege" under Rule 26(b)(1), defendants must make a better attempt to show "good cause" why production should be delayed than presently exists. An attempt to show good cause must contain descriptions more detailed than those previously provided of the content or purpose of all documents, and must present the specific harms, to shareholders or others, likely to occur if the documents are produced. Apparently some of the material involves possible future press releases, merger testimony, speeches, lists of media contacts, or other communications with shareholders. PSI Brief, p. 5. Overall, these documents are alleged to relate to "PSI's plans to prosecute its proxy campaign, [and] plans to secure regulatory approval...." *Id.*, at p. 9. No specifics are given on the stage of plan consideration. If a decision was made and the plan is already underway, as recent local media ads suggest, then no protection is warranted.

Furthermore, the documents have not been tied to specific harms, particularly the types of harms for which the business strategy protection was intended. PSI suggests IPALCO will inevitably use discovered information "to defeat PSI's efforts to advance the legitimate interests of its shareholders...." *Id.*, at p. 8. That the bidder's reactions to the information will "necessarily hurt shareholders is far from clear." Rhodes, 43 STAN.L.REV. at 457 n 56. PSI and CG & E do not identify how shareholder interests would be harmed if the information were disclosed.

■ Most importantly, defendants must establish the time period for the documents to be protected. *See Parsons*, 141 F.R.D. at 420; Rhodes, 43 STAN.L.REV. at 460. "Delay tactics can seriously prejudice a bidder." *Id.*, at 463. Only strategies or plans still being pursued in good faith should enjoy protection. *Id.* Although, there "is a point when not deciding becomes a decision and discoverable." *Coastal Corp.*, 707 F.Supp. at 281. Even under a business strategy protection, there is no doubt IPALCO will obtain otherwise unprotected relevant documents; the only question is when. Assuming business strategy protection does exist under Rule 26(c), PSI and CG & E have not sustained their burdens of proving "good cause."

Accordingly, IPALCO's motion to compel is GRANTED as to all documents for which PSI claims the nonexistent "strategic privilege" to the extent no other objection ap-

---

**5.** PSI misquotes Magistrate Judge Foster's opinion in that the opinion found the documents were only protected "at least until the point at which the target company formally announces its intent to adopt any one or a combination of the strategic business actions under consideration." *Id.* at 3. This error might have stemmed from the fact PSI submitted Judge Dillin's opinion and not Magistrate Judge Foster's. PSI Submission, Tab 9.

*LFC No. 31 Corp.* has been criticized as providing too broad of protection by waiting for a formal announcement. Rhodes, 43 STAN.L.REV. at 460 n 75; *cf., Coastal Corp.*, 707 F.Supp. at 281.

plies.[6] Although the motion to compel is also GRANTED as to the two documents for which CG & E claims the nonexistent "business strategy privilege," other objections to production remain. Production shall be completed by April 29, 1993 at 5:00 o'clock p.m.

---

6. Unlike CG & E, PSI has conceded the documents requested have at least limited relevance to the present action and did not object on relevance grounds. PSI Brief p. 7.