**CORNING INCORPORATED and Artificial Sensing Instruments ASI AG, Plaintiffs,**

v.

**SRU BIOSYSTEMS, LLC, SRU Biosystems, Inc., and SRU Holdings, LLC, Defendants.**

No. CIV.A.03–633 JJF.

United States District Court, D. Delaware.

July 7, 2004.

Order denying reconsideration Aug. 13, 2004.

---

Richard L. Horwitz, Esquire, and David E. Moore, Esquire of Potter Anderson & Corroon LLP, Wilmington, DE, Of Counsel: Kenneth E. Krosin, Esquire, Andrew E. Rawlins, Esquire, Larry L. Shatzer, Esquire, and George C. Best, Esquire of Foley & Lardner, Washington, D.C., for Plaintiffs Corning Incorporated and Artificial Sensing Instruments ASI AG.

Steven J. Balick, Esquire, and John G. Day, Esquire of Ashby & Geddes, Wilmington, DE, Of Counsel: John J. McDonnell, Esquire, Daniel A. Boehnen, Esquire, Matthew J. Sampson, Esquire, Richard A. Machonkin, Esquire, Patrick G. Gattari, Esquire, and Lisa M. Hillman, Esquire of McDonnell, Boehnen, Hulbert & Berghoff LLP, Chicago, IL, for Defendants SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC.

### *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court is the Second Motion To Compel Production Of Documents filed by Corning Incorporated ("Corning") (D.I.105) and the Motion For A Protective Order filed by SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC (collectively "SRU"). (D.I.111.) For the reasons discussed, the Court will grant the Motion To Compel and deny the Motion For A Protective Order.

## I. Second Motion To Compel (D.I.105)

### A. *Contentions*

By its Motion, Corning requests the Court to compel SRU to produce documents related to Discovery Labware Division of Becton Dickinson's ("BD") offer to acquire SRU. Corning contends that the documents it seeks are discoverable because they are relevant to SRU's claim for damages due to Corning's alleged tortious interference with SRU's advantageous relationships.

SRU responds that the documents are not relevant to its claim for tortious interference because it did not accept BD's bid. Further, SRU maintains that the damages from its tortious interference with advantageous relationships claim is based on lost profits from lost sales, and therefore, bids for its acquisition are not relevant to this figure.

### B. Decision

In relevant part, Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir.1999) (citing *In re Madden*, 151 F.3d 125, 128 (3d Cir.1998)).

■ The Court concludes that the evidence sought by Corning is relevant under the broad discovery standards of Rule 26. SRU's tortious interference with advantageous relationships counterclaim requires that SRU establish that it was injured by Corning's allegedly tortious actions.[1] Corning seeks production of documents related to BD's bid for SRU's acquisition because it contends that BD's offer is a third-party's assessment of the reasonableness of SRU's damage claim. Although the Court agrees with SRU that BD's bid does not have a direct relationship to its claim for damages, the Court cannot conclude that BD's bid will not assist in illuminating the reasonableness of SRU's claim of damages due to lost sales. In the Court's view, BD's bid for SRU's acquisition likely involved an assessment of SRU's sales projections. Moreover, the Court does not view the fact that BD's bid was rejected by SRU as establishing that BD's bid is irrelevant, but instead goes to the weight of this evidence. In sum, the Court concludes that the evidence sought by Corning is relevant evidence under Rule 26.

## II. Protective Order (D.I.111)

The Court has determined that the production sought by Corning is relevant under Rule 26, and therefore, the Court must determine whether SRU is entitled to a protective order. For the following reasons, the Court concludes that SRU is not.

### A. Contentions

SRU contends that the Court should grant it a protective order because disclosure of the documents Corning seeks would be unduly oppressive to SRU's attempts at negotiating its acquisition. SRU maintains that permitting Corning to obtain discovery of the documents at issue: 1) will deter other businesses from bidding for it; 2) will give Corning an unfair advantage on bidding; and 3) is unduly oppressive because of the discovery request's continuing nature. SRU further contends that the "white-knight privilege" or "business strategy doctrine" protects against discovery into bids for its acquisition.

In response, Corning contends that it has not contemplated any bid for SRU, and thus, SRU's claims of oppression are misplaced. Further, Corning asserts that the protective order in this case prevents SRU from exposure to abuse of the bidding process for its sale. Also, Corning contends that the information it seeks is highly relevant to SRU's tortious interference counterclaim, and therefore, it needs this information to adequately prepare a defense.

### B. Decision

■ In pertinent part, Rule 26(c) provides that "[u]pon motion by a party or by the person from whom discovery is sought ... the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R.Civ.P. 26(c). "Rule 26 requires striking a balance between the countervailing legiti-

---

1. As discussed in the Court's November 20, 2003, Memorandum Opinion, Delaware courts follow the definition of tortious interference with advantageous relationship found in the Second Restatement. *See Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983 (Del.Ch.1987). Tortious interference with advantageous relationship encompasses two torts: tortious interference with contract and tortious interference with prospective contractual relations. Restatement (Second) of Torts Div. 9 (1979). Both tortious interference with contract and tortious interference with prospective contractual relations require a plaintiff to prove damages or injury. *See In re Frederick's of Hollywood, Inc., Shareholders Litig.*, No. 15944, 1998 WL 398244, *5 (Del.Ch. July 9, 1998)(describing the elements of interference with prospective contractual relations); *Irwin & Leighton*, 532 A.2d at 992 (describing the elements of tortious interference with contract).

mate interests and accommodating the needs of both parties." *BNS Inc. v. Koppers Co.*, 683 F.Supp. 454, 457 (D.Del.1988). After balancing the equities of Corning's need for the documents at issue against SRU's assertions of oppression, the Court concludes that the Motion For A Protective Order should be denied.

SRU's assertion of oppression centers on the potential "chilling effect" the disclosure of documents relating to third-party bids for SRU will have on future bids for its acquisition. SRU maintains that cases' applying the business strategy doctrine and protecting companies from discovery require the Court to issue a protective order in this case.

In *BNS Inc. v. Koppers Co., Inc.*, 683 F.Supp. 454 (D.Del.1988), the court held that the balance of the equities required the denial of a motion to compel the production of documents requested by the plaintiff, who was attempting a hostile tender offer for the defendant corporation. The court reasoned that because the defendant target company had not yet rejected the plaintiff's hostile tender offer, it would be detrimental to the defendant's ability to negotiate a higher offer for its shareholders to permit discovery at that time. *Id.* at 457. The Court concludes that *BNS*, and the other cases relied on by SRU in support of its request for a protective order,[2] are inapposite to the facts in this case.

■ In the instant case, Corning has represented to the Court that it is not contemplating a bid for acquiring SRU. (D.I.113.) Thus, the Court finds the danger that potential bidders will find threatening the fact that Corning, a party not in competition to acquire SRU, has access to documents relating to their bids for SRU's acquisition to be minimal.

Additionally, the Court is persuaded that the Protective Order in place in this case

2. *Parsons v. Jefferson–Pilot Corp.*, 141 F.R.D. 408 (M.D.N.C.1992), and *Stena Finance B.V. v. Sea Containers Ltd.*, 131 F.R.D. 361 (D.D.C.1989), both rely on *BNS*.

3. The Court is not persuaded by SRU's contention that it will be unduly oppressed because of

ensures that the limited disclosure permitted will not chill the bidding environment.[3]

## CONCLUSION

Thus, for the reasons discussed, the Court will grant the Motion To Compel and deny the Motion For A Protective Order.

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 7th day of July, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The Second Motion To Compel Production Of Documents filed by Corning Incorporated (D.I.105) is *GRANTED*;

2) The Motion For A Protective Order filed by SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC (D.I.111) is *DENIED*.

## *MEMORANDUM OPINION*

Presently before the Court is the Request For Reconsideration Of July 7, 2004 Order (the "July 7 Order") Granting Plaintiffs' Motion To Compel And Denying SRU's Motion For Protective Order filed by SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC (collectively "SRU"). (D.I.173.) For the reasons that follow, the Court will deny the Motion.

## STANDARD OF REVIEW

"As a general rule, motions for reconsideration should be granted 'sparingly.'" *Stafford v. Noramco of Delaware, Inc.*, 2001 WL 65738 at *1 (D.Del. Jan.10, 2001) (quoting *Karr v. Castle*, 768 F.Supp. 1087, 1090 (D.Del.1991)). The purpose in granting motions for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citing

the continuing nature of Corning's discovery requests. As provided by Rule 26(e), SRU is already subject to a continuing obligation to supplement its production of documents if such further production is necessary to complete or correct past productions.

*Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982)). Parties should remain mindful that a motion for reconsideration is not merely an opportunity to "accomplish [the] repetition of arguments that were or should have been presented to the court previously." *Karr*, 768 F.Supp. at 1093 (citing *Brambles U.S.A., Inc. v. Blocker*, 735 F.Supp. 1239, 1240–41 (D.Del.1990)). However, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. *Id.* (citing *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y.1989)).

## DISCUSSION

### I. Parties' Contentions

SRU contends that reconsideration of the July 7 Order is appropriate because the Court incorrectly concluded that granting Corning Incorporated's and Artificial Sensing Instruments ASI AG's (collectively "Corning") Motion to Compel would not deter negotiations with potential bidders for SRU's acquisition. SRU contends that this conclusion was in error because: 1) it assumes that third parties are aware of Corning's lack of interest in acquiring SRU; and 2) it ignores the realities of the business environment in the biosensor industry where potential bidders will feel threatened by Corning's access despite the Protective Order in this case. SRU contends that third parties will be unaware of Corning's lack of interest because Corning filed the motion containing this representation under seal. Moreover, SRU asserts that Corning has never publicly announced that it has no intention to bid for SRU. Finally, SRU contends that the oppression to SRU significantly outweighs any relevance of this information, as was admitted by Corning's expert

Corning responds that it only sealed the motion containing the representation that it had no intention to bid for SRU because the motion contained SRU's and third parties' confidential information. Corning also attaches a declaration of its corporate representative stating that Corning has no intention to bid for SRU and states that SRU is free to make this declaration public. Further, Corning contends that third parties' misperceptions about the effectiveness of the Protective Order are not grounds to deny the production of relevant information. Finally, Corning asserts that in the July 7 Order the Court correctly concluded that the subject information was relevant.

### II. Decision

After considering the parties' arguments and the applicable legal principles, the Court concludes that the instant motion should be denied. First, with regard to SRU's contentions about potential bidders' ignorance of Corning's lack of interest in acquiring SRU, the Court concludes that the declaration of Corning's Director of Commercial Technologies, which Corning encourages SRU to provide to potential bidders, will sufficiently appraise potential bidders of Corning's intentions.

Next, the Court agrees with Corning that the potential negative views held by third parties regarding the efficacy of the Protective Order are insufficient to prevent the disclosure of relevant documents that Corning needs to maintain a defense in this action. In order to permit parties to proceed with litigation involving confidential information, protective orders, such as the one entered in this case, must be respected by the parties and thus are presumed by courts to be effective. Otherwise, many complex cases, particularly patent cases, would be impossible to prosecute and defend.[1]

---

1. In addition, the Court is not persuaded by the declaration of SRU's Chief Financial Officer that the Court's July 7 Order is unduly oppressive. First, the declarant's opinion is based, in part, on the assumption that potential bidders will be, or are, unaware of Corning's lack of interest in acquiring SRU. As noted above, however, this information is now publicly available. Also, although the Court does not have reason to doubt the declarant's good faith in providing his opinions on the nature of competition in the biosensor industry, the declarant's opinions on how other competitors will regard SRU's discovery obligations are either speculative or based on hearsay, and thus, not sufficient to prevent the Court from ordering the production of relevant documents to Corning.

## CONCLUSION

For the reasons discussed, the Court will deny SRU's Motion. An appropriate Order will be entered.